917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Samuel SMITH, Defendant-Appellant.
 No. 89-3919.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER,* Chief District Judge.
 PER CURIAM.
 
 
 1
 The defendant has asserted two errors by the district court. The first error claimed is that the prosecutor made an improper comment on the failure of the defendant to testify. The second error alleged is that the evidence was insufficient to sustain a conviction. For the reasons stated herein, we affirm the district court.
 
 
 2
 On November 6, 1987, police officers executed a search warrant for an apartment in Butler County, Ohio. While the search was in progress, the defendant and two other individuals attempted to enter the apartment and were placed under arrest. Inside the apartment, the officers found some crack cocaine, a triple-beam scale, $7,300.00 in currency, and a kitchen pan containing a murky white substance. On this pan was found a fingerprint from this defendant. Other evidence against the defendant was that the defendant had a key to the apartment and to a car parked outside, in which $1,100.00 in cash was found. The defendant was traveling with the codefendants, who also possessed either a large sum of cash or cocaine. The defendant was carrying $275.00 in cash. Moreover, after the defendant had been released on bond, two days after his arrest, on November 8, 1987, all the furniture from the apartment was shipped to Florida and received by someone signing under the name of Samuel Smith. Other evidence indicated that Smith had been in Florida about the same time.
 
 
 3
 In opening statement, defense counsel said: "The evidence is going to show that Mr. Smith came up here for the sole purpose of attending a Cincinnati Bengal football game...." However, no evidence was introduced by the defendant, and defense counsel did not ask any of the witnesses for the prosecution about the ball game or the defendant's trip to Cincinnati to attend it. Moreover, in final argument, defense counsel again said that there was "no question raised that Mr. Smith was coming up here to the game...."
 
 
 4
 The remarks about which the defendant complains are from the closing argument, in which the prosecutor said: "I submit to you that there is, aside from argument of counsel, no evidence in this record that Joseph Samuel Smith was here in town to watch the Bengals' game."
 
 
 5
 The parties are in agreement that the prosecution may not comment upon the failure of the defendant to testify under Griffin v. California, 380 U.S. 609 (1965). However, in order to reverse the conviction because of improper comment by the prosecutor concerning the failure of the defendant to testify, the court must find either that the manifest intention by the prosecutor was to comment upon the accused's failure to testify or that the remark was such that the jury would take it as a comment on the failure of the accused to testify. United States v. Robinson, 651 F.2d 1188, 1197 (6th Cir.), cert. denied, 454 U.S. 875 (1981), quoting from United States v. Rochan, 563 F.2d 1246, 1249 (5th Cir.1977). In the case at bar, when defense counsel focused upon the contemplated defense in his opening statement and repeated it in closing argument, such remarks as were made by the prosecutor were appropriate and not unconstitutional. See Robinson, supra. In the present case, the defendant was not the only possible witness who could have testified about the attendance at a ball game, for he was arrested with two others at the apartment and the witness Kenneth Nelson testified that he had been with Smith in Florida. Moreover, the court instructed the jury that the defendant had no burden of proof and was not required to testify.
 
 
 6
 With regard to the issue concerning the sufficiency of the evidence, the court must review the record in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60 (1942). In determining whether there is sufficient evidence, the court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).
 
 
 7
 In this case, there was ample evidence, in the light most favorable to the prosecution, that this defendant exercised dominion and control over the apartment and the items inside, and was acting with others to distribute crack cocaine. Thus, the convictions for conspiracy to distribute crack cocaine and the possession of the crack cocaine with intent to distribute were supported by sufficient evidence.
 
 
 8
 Finding there was no error at trial by District Judge Herman J. Weber, we, therefore, AFFIRM the decision of the district court.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge for the Eastern District of Kentucky, and Judge for the Western District of Kentucky, sitting by designation